

U.S. Department of Justice

Ronald C. Machen Jr.
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

October 22, 2013

Wagner Dantas, Esquire
503 D Street, N.W., Suite #250A
Washington, D.C. 20001

      Re:    **U.S. v. Dontrell Britton**
               **Criminal No. 12-254-05 (EGS)**

Dear Attorney Dantas:

      This letter sets forth the full and complete plea offer to your client, Dontrell Britton (hereinafter referred to as "your client" or "defendant"), from the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

      1.     Your client, Dontrell Britton, also known as "Dantrell Britton" and "Trell," agrees to admit guilt and enter a plea of guilty to a Criminal Information charging Conspiracy to Distribute and Possess with Intent to Distribute a quantity of Heroin, a quantity of Cocaine Base, also known as Crack Cocaine, and a quantity of Cocaine Hydrochloride, also known as Powder Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. Your client understands that pursuant to 21 U.S.C. § 841(b)(1)(C), the charge carries a penalty of not more than 20 years in custody, a fine not to exceed the greater of that authorized by Title 18 of the United States Code or $1,000,000, and a period of supervised release of at least three years. In addition, your client agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia prior to the date of sentencing. Your client also understands that, pursuant to 18 U.S.C. § 3572 and § 5E1.2 of the Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release, and period of probation. Further, your client understands that, if your client has one or more convictions for a crime of violence or felony drug offense, your client may be subject to the substantially higher penalties provided for in the criminal statutes and/or career offender provisions of the Sentencing Guidelines.

2.   Your client agrees that the attached "Statement of the Offense" (Proffer of Evidence) fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that, prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence

3.   Your client agrees and will acknowledge at the time of the plea of guilty to the criminal charge stated above that, pursuant to Section 1B1.3 of the Sentencing Guidelines, your client is accountable for at least 50 grams of a mixture or substance containing a detectable amount of heroin, 20 grams of a mixture or substance containing a detectable amount of cocaine base, also known as crack cocaine, and at least 100 grams of a mixture or substance containing a detectable amount of cocaine hydrochloride, also known as powder cocaine. These quantities of illegal narcotics represent the total amount of controlled substances involved in your client's relevant criminal conduct, including amounts your client distributed or possessed with intent to distribute and amounts distributed or possessed with intent to distribute by your client's co-conspirators pursuant to jointly undertaken criminal activity that was reasonably foreseeable by your client and within the scope of his conspiratorial agreements.

4.   Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the applicable guidelines and policies promulgated by the United States Sentencing Commission, *Guidelines Manual* (hereinafter "Sentencing Guidelines" or "U.S.S.G."). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties agree to the following:

### A.   Offense Level Under the Guidelines

The parties agree that the following Sentencing Guidelines sections apply:

§ 2D1.1 - At least 50 grams of heroin, 20 grams of cocaine base (crack cocaine), and 100 grams of cocaine hydrochloride (powder cocaine) [141 KGs Marijuana equivalent] - Base offense level 26.

§ 3B1.2 - Mitigating Role in the Offense: 3-level decrease. The Government agrees that the defendant can receive a three (3) level decrease in his base offense level for a mitigating role in the offense.

§ 3E1.1 - Acceptance of Responsibility: 3-level reduction. The Government agrees that a 3-level reduction would be appropriate, provided that your client clearly demonstrates acceptance of responsibility to the satisfaction of the Government, through your client's allocution, adherence to every provision of this Agreement, and conduct between entry of the plea and imposition of sentence.

In accordance with the above, the applicable Guidelines Offense Level will be at least 20.

### B. Criminal History Category

Based upon the information currently available to this Office (including representations by the defense), it appears that your client has the following prior qualifying convictions for Sentencing Guideline purposes: (1) a May 23, 2011 conviction for Destruction of Property less than $200 for which he received a 120 day suspended sentence with 1 year of supervised probation; (2) a May 23, 2011 conviction for Carrying a Pistol without a License Outside Home/Place of Business for which he received a 16 month sentence and 4 years of supervised probation; (3) a November 3, 2009 conviction for Threats to Do Bodily Harm for which he received a sentence of nine months' probation; and (4) a July 13, 2009 conviction for Receiving Stolen Property which he received a sentence of three months' probation. Based on this information, we believe your client, who was on supervision during the commission of the instant offense, has a Criminal History Category Score of IV and he has an adjusted offense level of 20 for sentencing purposes.

### C. Applicable Guidelines Range

Based upon the information set forth above, and after a 3-level reduction for acceptance of responsibility and a 3-level reduction for a mitigating role in the offense, we estimate your client's Sentencing Guidelines range to be 51 to 63 months' custody based upon an adjusted offense level of 20. This is only an estimate of your client's Sentencing Guideline range. A calculation will be performed by the United States Probation Office prior to sentencing. Your client understands that he has the option of requesting that this calculation be completed and made available to him prior to the entry of his plea, and is making a conscious and informed decision not to make such a request

5.  Your client understands and acknowledges that the terms of this agreement apply only to conduct that occurred prior to the execution of this agreement. Should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's base offense level or justify an upward departure (examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to any law enforcement agent, probation officer or Court) the Government is free under this agreement to seek an increase in the base offense level or an upward departure based on that post-agreement conduct.

6.  Forfeiture

    (a) Your client agrees to the forfeiture set forth in the Forfeiture Allegation in the Criminal Information to which he is pleading guilty. Specifically, your client agrees to the forfeiture of a money judgment in the amount of $7,200.00.

    (b) Your client agrees that the proffer of evidence supporting your client's guilty plea is sufficient evidence to support this forfeiture. Your client agrees that the Court may enter a preliminary Consent Order of Forfeiture for this property at the time of his guilty plea or at any

time before sentencing. Your client agrees that the Court will enter a Final Order Of Forfeiture for this property as part of his sentence.

(c) Your client agrees that this plea agreement permits the government to seek to forfeit any of his assets, real or personal, that are subject to forfeiture under any federal statute, whether or not this agreement specifically identifies the asset. Regarding any asset or property, your client agrees to forfeiture of all interest in: (1) any and all property constituting, or derived from, any proceeds he obtained, directly or indirectly, as the result of the violation to which he is pleading guilty; (2) any of your client's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation; (3) any substitute assets for property otherwise subject to forfeiture. See 21 United States Code § 853.

(d) Your client agrees that the government may choose in its sole discretion how it wishes to accomplish forfeiture of the property whose forfeiture he has consented to in this plea agreement, whether by criminal or civil forfeiture, using judicial or non-judicial forfeiture processes. If the government chooses to effect the forfeiture provisions of this plea agreement through the criminal forfeiture process, your client agrees to the entry of orders of forfeiture for such property and waives the requirements of Federal Rule of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Your client understands that the forfeiture of assets is part of the sentence that may be imposed in this case, and he waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time of his guilty plea.

(e) Your client agrees to take all necessary actions to identify all assets over which your client exercises or exercised control, directly or indirectly, at any time since January 2012, or in which your client has or had during that time any financial interest. Your client will complete and provide to the undersigned Assistant United States Attorney a standard financial disclosure form, which has been provided to you with this plea agreement, within 10 days of the execution of this plea agreement. Your client agrees to take all steps as requested by the Government to obtain from any other parties by any lawful means any records of assets owned at any time by your client. Your client agrees to provide and/or consent to the release of your client's tax returns for the previous five years. Your client agrees to take all steps as requested by the Government to pass clear title to forfeitable interests or to property to the United States and to testify truthfully in any judicial forfeiture proceeding.

(f) Your client agrees to waive all constitutional and statutory challenges in any manner (including, but not limited to, direct appeal) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

(g) Your client agrees to waive all constitutional and statutory challenges in any manner (including, but not limited to, direct appeal) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

7.  Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to Title 18, United States Code, Section 3143, your client be detained without bond pending your client's sentencing in this case.

8.  In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including: the right against self-incrimination with respect to the offense to which your client is pleading guilty; the right to be tried by a jury, or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses. Your client further agrees that the District Judge should make any Sentencing Guidelines determinations.

9.  Your client understands that the sentence in this case will be imposed in accordance with 18 U.S.C. Sections 3553(a) and 3553(c) through (f), and upon consideration of the <u>United States Sentencing Commission's Guidelines Manual</u>. Your client further understands that the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing.

10. Your client understands that this Office reserves its full right of allocution for purposes of sentencing in this matter. In particular, the United States, at the time of sentencing, agrees to recommend a sentence at the low end of the guideline range, and a fine up to the maximum sentence of incarceration and fine allowable by law. In addition, if in this plea agreement the Government has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines, or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

11. Your client understands and agrees that your client will not be allowed to move to withdraw the guilty plea entered under this agreement solely because of the harshness of the sentence imposed. Such a motion to withdraw shall constitute a breach of this agreement.

<u>THE GOVERNMENT'S OBLIGATIONS, ACKNOWLEDGMENTS AND WAIVERS:</u>

12. This Office will file the above-mentioned Criminal Information with the United States District Court for the District of Columbia for the purpose of your client entering a plea of guilty to the charge(s) contained therein and will dismiss the pending indictment in Criminal Case Number CR: 12-254-05 (EGS) against your client only at the time of sentencing. Your client, however, agrees and acknowledges that the charges to be dismissed at the time of sentencing were based in fact.

      13.    The Government agrees that the base offense level for the crimes to which your client is pleading guilty should be decreased by three (3) levels based upon your client's acceptance of responsibility and will file a motion with the Court, pursuant to Section 3E1.1, provided that your client cooperates and is truthful and candid during the pre-sentence investigation, and does not attempt to obstruct justice, deceive, withhold, or otherwise mislead any law enforcement agent, the Court, the Probation Office or the Government concerning any issue relevant to the imposition of sentence. Furthermore, the Government agrees that, pursuant to Section 3B1.2(b), the defendant can receive a three (3) level decrease in his base offense level for having a mitigating role in the offense. Additionally, your client agrees not to seek any decreases in your client's base offense level other than those which are agreed to by the Government in this paragraph. Your client further agrees not to seek a downward departure for any reason from the otherwise applicable Guidelines range established by the Sentencing Guidelines. Your client understands and acknowledges that the position of the Government with respect to your client's base offense level, like any other recommendation made by the United States Attorney's Office at the time of sentencing, is not binding on the Probation Office or the Court, neither of which are parties to this agreement. Your client understands and acknowledges that the failure of the Court to sentence your client in accordance with the terms of this paragraph shall not be grounds for your client to withdraw his plea of guilty in this case.

General Conditions

      14.    This letter sets forth the entire understanding between the parties and constitutes the complete plea agreement between your client and the United States Attorney's Office for the District of Columbia. This agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between this Office and your client.

      15.    This plea agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States Government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; the U.S. Immigration and Customs Enforcement ("ICE") of the Department of Homeland Security; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions. Additionally, your client is believed to be a citizen of the United States. However, if your client is not a citizen of the United States, your client understands that a guilty plea in this case will or might subject your client to detention, deportation and other sanctions at the direction of the Bureau of Immigration and Customs Enforcement.

16.  There are no other agreements, promises, understandings or undertakings between your client and this Office. Your client understands and acknowledges that there can be no valid addition or alteration to this agreement unless the modification is made on the record in open Court or made in a writing signed by all of the parties.

Respectfully submitted,

RONALD C. MACHEN JR.
UNITED STATES ATTORNEY
D.C. BAR 447889

By: KENNETH F. WHITTED
Assistant United States Attorney
D.C. BAR 430346
555 4th Street, N.W., Suite #4820
Washington, D.C. 20530
(202) 252-7722

## DEFENDANT'S ACCEPTANCE

I have read this 8-page plea agreement and have discussed it with my attorney, Wagner Dantas, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 10-22-13

DONTRELL BRITTON
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely set forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 10/22/13

WAGNER DANTAS, ESQUIRE
Attorney for the Defendant

8